UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: JCC ENVIRONMENTAL, INC.                    CIVIL ACTION

                                                  NO: 15-6554

                                                  SECTION: "H"(2)

## ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss or, alternatively, Motion for More Definite Statement (Doc. 11). For the following reasons, the Motion is **GRANTED IN PART.**

## BACKGROUND

This case is an adversary proceeding related to the bankruptcy case of JCC Environmental, Inc. (the "Debtor"). The Trustee, acting for the estate, commenced this adversary proceeding against defendant Hydrocarbon Engineering Processing, Inc. ("HEP"). The Trustee alleges that from October 2010 to March 2013 the Debtor transferred recycled and non-recycled oil to HEP, and in return HEP paid third parties, not the Debtor, for the oil it received. He brings four claims associated with these transactions: (1) an

1

actual fraud claim pursuant to 11 U.S.C. § 548(1)(1)(A); (2) a constructive fraud claim pursuant to 11 U.S.C. § 548(a)(1)(B); (3) a claim to recover the value of transfers brought pursuant to 11 U.S.C. § 544(b); and (4) a claim to collect outstanding debts brought pursuant to 11 U.S.C. § 542(b). HEP has filed the instant Motion to Dismiss, challenging the sufficiency of the Complaint's allegations. The Trustee opposes this Motion.

## LEGAL STANDARD

**I. Motion to Dismiss**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The Court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[6] If it is apparent from the face

---

[1] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).
[2] *Iqbal*, 129 S.Ct. at 1949.
[3] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[4] *Iqbal*, 129 S.Ct. at 1949–50.
[5] *Id.*
[6] *Lormand*, 565 F.3d at 255–57.

of the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim.[7]

**II. Motion for More Definite Statement**

A district court will grant a motion for a more definite statement under Rule 12(e) when the challenged pleading "is so vague or ambiguous that the [moving] party cannot reasonably prepare a response."[8] The moving party "must point out the defects complained above and the details desired."[9]

"When evaluating a motion for a more definite statement, the Court must assess the complaint in light of the minimal pleading requirements of Rule 8."[10] Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[11] "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[12]

In light of the liberal pleading standard set forth in Rule 8(a), Rule 12(e) motions are disfavored.[13] Motions for a more definite statement are generally granted only when the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to

---

[7] *Jones v. Bock*, 549 U.S. 199, 215 (2007).

[8] Fed. R. Civ. P. 12(e).

[9] *Id.*

[10] *Babcock & Wilcox Co. v. McGriff, Siebels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006).

[11] Fed. R. Civ. P. 8(a)(2).

[12] *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted).

[13] *JNP Enterprises, LLC v. Patterson Structural Moving and Shoring, LLC*, No. 13-4684, 2014 WL 31650, at *1–2 (E.D. La. Jan. 3, 2014) (citing *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959); *Who Dat Yat Chat, LLC v. Who Dat, Inc.*, No. 10–1333, 10–2296, 2012 WL 2087439, at *6 (E.D. La. June 8, 2012)).

answer it."[14] This Court "has considerable discretion in deciding whether to grant a Rule 12(e) motion."[15]

## LAW AND ANALYSIS

In this Motion, HEP argues (1) that the Trustee has failed to plead with particularity a cause of action for actual fraud, (2) that the Trustee has failed to state a claim for constructive fraud, (3) that the Trustee has failed to state avoidance claims under 11 U.S.C. § 544(b) and state law, (4) that the Trustee has failed to state a plausible claim under state open account laws, (5) that the Court should dismiss the Complaint because the Trustee has not joined unidentified insiders mentioned in the Complaint, and (6) that the Court should order the Trustee to provide a more definite statement. The Court will address these arguments in turn.

### I. Count I: Actual Fraud

HEP moves this Court to dismiss the Trustee's claim for failure to plead fraud with the requisite specificity. HEP argues that the Complaint lacks the required "who, what, when, where, and how" required by the Fifth Circuit and that there are no allegations that support the presence of any badges of fraud necessary to demonstrate intent.[16] The Court disagrees.

Under 11 U.S.C. § 548(a)(1), to void a transfer and recover funds, the receiver must show that the transfer: (1) is a transfer of the debtor's interest in property; (2) occurred within two years of the filing; and, (3) was made with

---

[14] *Phillips v. ABB Combustion Eng'g, Inc.*, No. 13–594, 2013 WL 3155224, at *2 (E.D. La. June 19, 2013).

[15] *Murungi v. Texas Guaranteed*, 646 F.Supp.2d 804, 811 (E.D. La. 2009).

[16] "Actual intent to hinder, delay, or defraud creditors within 11 U.S.C.A. § 548(a)(1)(A) may be inferred from presence of badges of fraud." Badges of fraud—Inferring intent, 3B BANKR. SERVICE L. ED. § 34:168.

4

the actual intent to hinder, delay, or defraud.[17]  Here, the Complaint alleges facts sufficient to support a claim under § 548(a)(1).  The first two elements are satisfied by the allegations that the Debtor "transferred approximately 836,170 gallons of recycled oil and, as of yet, an undetermined number of gallons of nonrecycled oil" and that the transfer occurred "during the period of October 11, 2010 through March 31, 2013," where the petition was filed October 11, 2013.[18]

The third element ("actual intent to hinder, delay, or defraud") requires more analysis.  Because direct evidence of intent is usually unavailable, actual intent may be inferred from circumstantial evidence and inferences.[19]  The Fifth Circuit has recognized six "badges of fraud" to help identify intent.[20]  The badges of fraud include:

> (1) the lack or inadequacy of consideration; (2) the family, friendship or close associate relationship between the parties; (3) the retention of possession, benefit or use of the property in question; (4) the financial condition of the party sought to be charged both before and after the transaction in question; (5) the existence or cumulative effect of a pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors; and (6) the general chronology of the events and transactions under inquiry.[21]

However, it is not necessary to fit this analysis within the categories of fraudulent badges.[22]

---

[17] *See Hays v. Jimmy Swaggart Ministries*, 263 B.R. 203, 207–08 (M.D. La. 1999).
[18] Complaint, at ¶ 7, 1.
[19] *In re Cipolla*, 476 Fed. Appx. 301, 306 (5th Cir. 2012) (unpublished).
[20] *Matter of Wiggains*, 848 F.3d 655, 661 (5th Cir. 2017); *see also Soza v. Hill (In re Soza)*, 542 F.3d 1060, 1067 (5th Cir. 2008).
[21] *In re Gulf Fleet Holdings, Inc.*, 491 B.R. 747, 767 (Bankr. W.D. La. 2013) (citing *In re Soza*, 542 F.3d 1060, 1067 (5th Cir. 2008)).
[22] *Matter of Wiggains*, 848 F.3d at 661.

The Trustee's allegations must comply with Rule 9(b) and plead specific facts showing the circumstances constituting fraud.[23] Rule 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake."[24] "A dismissal for failure to plead fraud with particularity as required by Rule 9(b) is a dismissal on the pleadings for failure to state a claim under Rule 12(b)(6)."[25] Fifth Circuit precedent "interprets Rule 9(b) strictly, requiring the plaintiff to 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.' "[26] However, "the time, place, contents, and identity standard is not a straitjacket for Rule 9(b). Rather, the rule is context specific and flexible."[27] Additionally, fraud may be pleaded on information and belief when "the facts relating to the alleged fraud are peculiarly within the perpetrator's knowledge."[28]

Here, the Complaint alleges that "no value was received by the Debtor for much of the oil transferred to [HEP]"[29] and that "Debtor received little or no value in exchange for [the oil],"[30] indicating inadequate consideration. The allegations that these transfers appear to have benefitted insiders of the

---

[23] *In re Gulf Fleet Holdings, Inc.*, 491 B.R. at 767 (citing *In re Sharp Intern. Corp.*, 403 F.3d 43, 56, (2d Cir. 2005)); *In re Charys Holding Co., Inc.*, 2010 WL 2774852, at *3–4 (Bankr. D.Del. July 14, 2010).

[24] Fed. R. Civ. P. 9(b).

[25] *Southland Sec. Corp. v. Inspire Ins. Solutions Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

[26] *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (quoting *Smallwood v. Pearl Brewing Co.*, 489 F.2d 579,605 (5th Cir. 1974)).

[27] *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009); *JNP Enterprises, LLC v. Patterson Structural Moving and Shoring, LLC*, no 13-4684, 2014 WL 31650, at *2 (E.D. La. Jan. 3, 2014).

[28] *U.S. exrel. Willard v. Humana Health Plan of Tex., Inc., et al.*, 336 F.3d 375, 385 (5th Cir. 2003).

[29] Complaint, at ¶ 7.

[30] Complaint, at ¶ 11.

6

Debtor[31] and that "from January 2012 through March, 2013, [HEP] issued checks payable directly to Justin Mayer, Melvin Oller, and C.J. Oller totaling approximately $541,768.13" indicate a close associate relationship between the parties. The Complaint further alleges the transfers "caused or increased the insolvency of the Debtor" and that during the time of the transfers "and shortly thereafter, the Debtor incurred substantial debts to creditors, including without limitation American Advanced. These debts were incurred by the Debtor despite that they were beyond the Debtor's ability to pay such debts as they matured."[32] These allegations speak to Debtor's financial condition before and after the transfer, and the existence or cumulative effect of the pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors. Moreover, the Complaint sets forth a general chronology of events by stating when the oil was transferred ("during the period of October 11, 2010 through March 31, 2013") when HEP issued checks for the oil directly to persons other than the Debtor ("January 2012 through March, 2013").

The Complaint alleges facts that support several badges of fraud and the facts are alleged with sufficient specificity. The Trustee has therefore met his burden under Rule 9(b).

## II. Count II: Constructive Fraud

HEP argues that the Trustee has failed to adequately plead constructive fraud. Under 11 U.S.C. § 548(a)(1)(B), a plaintiff must plead that: "(1) the debtor transferred an interest in property, (2) the transfer of that interest occurred within two years prior to the filing of the bankruptcy petition, (3) the

---

[31] Complaint, at ¶ 7, 1.
[32] Complaint, at ¶ 18.

7

debtor was insolvent on the date of the transfer or became insolvent as a result thereof, and (4) the debtor received less than reasonably equivalent value in exchange for such transfer."[33]

HEP takes issue with the last two elements. As noted above, the Complaint alleges that the transfers "caused or increased the insolvency of the Debtor" and that during the time of the transfers "and shortly thereafter, the Debtor incurred substantial debts to creditors, including without limitation American Advanced. These debts were incurred by the Debtor despite that they were beyond the Debtor's ability to pay such debts as they matured."[34] Additionally, the exhibit attached to the Complaint lists the amounts HEP allegedly owes to the Debtor for the oil transfers. Drawing all reasonable inferences in the Trustee's favor, these facts are sufficient to raise a reasonable expectation that discovery will reveal evidence of each element of the Trustee's claim. Accordingly, this claim is plead with facts sufficient to survive a Motion to Dismiss.

### III. Count III: Avoidance under 544(b)

HEP argues that the Trustee has failed to adequately state a claim under Section 544(b) and any state law. Pursuant to 11 U.S.C. § 544(b), a trustee succeeds to the rights of the bankruptcy estate's creditors to avoid transactions under non-bankruptcy law.[35] "The trustee's successor rights arise under federal law, but the extent of those rights depends entirely on applicable state law."[36] The Complaint alleges that the transfers are avoidable under both Louisiana and Mississippi state law. These claims are analyzed in turn.

#### A. Revocatory Action Under Louisiana Law

---

[33] *Tow v. Bulmahn*, No. 15-3141, 2017 WL 44960, at *3 (E.D. La. Jan. 4, 2017).
[34] Complaint, at ¶ 18.
[35] *Cotter v. Gwyn*, No. 15-4823, 2016 WL 4479510, at *12 (E.D. La. Aug. 25, 2016).
[36] *In re Moore*, 608 F.3d 253, 260 (5th Cir. 2010).

8

The Louisiana revocatory action found in Louisiana Civil Code article 2036 provides, "An obligee has a right to annul an act of the obligor, or the result of a failure to act of the obligor, made or effected after the right of the obligee arose, that causes or increases the obligor's insolvency."

HEP argues that the Trustee failed to submit a contemporaneous balance sheet to prove that the Debtor was insolvent. To maintain a revocatory action, a plaintiff must plead anteriority of the debt and insolvency of the debtor.[37] Here, the Trustee must plead facts that sufficiently allege that: (1) the Debtor owed the investor/creditors before they made the transfers to HEP and (2) the transfers caused or increased the insolvency.

The Trustee has met this burden. The Complaint clearly alleges that at the time of the transfers to HEP,[38] the Debtor incurred substantial debts to creditors, including American Advanced, and that the Debtor received little or no value for the transfers which "caused or increased the insolvency of the Debtor". Thus, the Trustee has plead the necessary elements to revoke the transactions under Article 2036 and 11 U.S.C. § 544(b).

**B. Fraudulent Transfer Claim under Mississippi Law**

Mississippi's Uniform Fraudulent Transfer Act ("UFTA") provides that "[a] transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation with actual intent to hinder, delay or defraud any creditor of the debtor."[39] The language of this statute closely tracks that of 11

---

[37] La. Civ. Code art. 2036, cmt. (f); *Hays*, 263 B.R. at 213.
[38] *Traina v. Whitney Nat. Bank*, 109 F.3d 244, 247 (5th Cir. 1997) (stating that "an obligee must demonstrate the existence of some debt—liquidated or otherwise—*at the time of the offending transfer* to maintain a revocatory action") (emphasis added).
[39] Miss. Code Ann. § 15–3–107.

U.S.C. § 548(a)(1). The Court has already determined that the Trustee has pled facts sufficient to maintain a claim under 11 U.S.C. § 548(a)(1). For those same reasons, the Trustee has met his burden here.

HEP also argues that some of the Trustee's claims may be time-barred under subsection (2)(n) of UFTA, which gives a-one year statute of limitations for claims involving certain transfers made "to an insider for an antecedent debt" where the debtor was insolvent at the time of the transfer and "the insider had reasonable cause to believe that the debtor was insolvent."[40] However, the Trustee concedes that the Complaint does not set out to recover transfers made by the Debtor to insiders. Accordingly, the one-year statute of limitations does not apply.

The Trustee has met his burden of pleading facts sufficient to state claims under either Louisiana Civil Code article 2036 or Mississippi Code § 15–3–107, and accordingly 11 U.S.C. § 544(b) as well.

## IV. Count IV: 11 U.S.C. § 542(b)

The Trustee alternatively pleads a claim under 11 U.S.C. § 542(b), which allows a trustee to collect outstanding debts owed to an estate. The Trustee alleges, as an alternative source of relief, that the oil at issue was sold to HEP on an open account under either Mississippi law or Louisiana law and that HEP has never paid for the oil received. HEP argues that this claim is insufficiently pled because (1) the Trustee has not provided facts sufficient to show an open account claim under Mississippi law, (2) the Trustee cannot seek attorneys' fees under Mississippi's open account statute, and (3) the open account claims "may" be prescribed. The Court will separately address these arguments.

---

[40] *Id.*

### A. Sufficiency of Mississippi Open Account Claims

HEP argues that the Trustee has not alleged facts to show that there existed a revolving credit agreement or a series of open-ended credit transfers. Moreover, HEP argues that the Trustee failed to allege that there was a predetermined price for the transferred oil. The Court disagrees and finds that the allegations of the Complaint are sufficient to plead an action on an open account.

"'Open account' has been given various definitions, but it is generally held to mean an account based on continuing transactions between the parties which have not been closed or settled but are kept open in anticipation of further transactions."[41] The Trustee alleges that the Debtor transferred to HEP approximately 836,170 gallons of recycled oil and an undetermined amount of non-recycled oil over a three-year period; that no value was received for the oil; and the market value totaling, at minimum, $1,355,849.32. These allegations are sufficient to identify the type of open-ended credit transactions typical of open account arrangements.

### B. Claim for Attorneys' Fees Under Mississippi Law

HEP argues that the Trustee's claim for attorneys' fees under Mississippi's open account law is prohibited because the Trustee did not make a pre-suit demand on HEP. The Trustee does not dispute this assertion. Accordingly, the Trustee's claim for attorneys' fees under Mississippi's open account statute is dismissed.

---

[41] *Mauldin Co. v. Lee Tractor Co. of Miss., Inc.*, 920 So. 2d 513, 515 (Miss. App. 2006) (quoting *Westinghouse Credit Corp. v. Moore, McCalib, Inc.*, 361 So.2d 990, 992 (Miss. 1978)).

## C. Whether the Open Account Claims are Time-barred

HEB next argues that the Trustee's open account claims must be dismissed because they "may be prescribed." Under both Louisiana and Mississippi law, claims on open account are time-barred after three years.[42] Under bankruptcy law, however:

> If applicable nonbankruptcy law . . . fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> (2) two years after the order for relief.

The filing of a bankruptcy petition constitutes an order for relief in a voluntary Chapter 7 case.[43] Accordingly, the Trustee is granted an additional two years within which to file a suit that is not time-barred when bankruptcy proceedings are initiated. Here, all of the transfers of gas alleged in the Complaint were made during the period of October 11, 2010 through March 31, 2013. The bankruptcy petition was filed on October 11, 2013, meaning that all of the transactions at issue were not time barred at that time. As a result, the Trustee had an additional two years from that date in which to institute an action to collect on the alleged debt. This adversary proceeding was filed on October 8, 2015, within the additional two-year period allowed by law. Accordingly, the Trustee's open account claims cannot be prescribed.

## V. Failure to Join Unidentified Insiders

Federal Rule of Civil Procedure 12(b)(7) permits dismissal for failure to join an indispensable party under Federal Rule of Civil Procedure 19.[44] It

---

[42] La. Civ. Code art. 3494, Miss. Code Ann. § 15-1-29.
[43] 11 U.S.C. § 301.
[44] *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003).

"allows for both the joinder of parties who should be present in order to have a 'fair and complete resolution of the dispute,' and for the dismissal of lawsuits 'that should not proceed in the absence of parties that cannot be joined.'"[45] Rule 19 sets out a two-step inquiry: whether a party should be added under the requirements of Rule 19(a) and whether litigation can properly proceed without the absent party under the requirements of Rule 19(b).[46] A "Rule 12(b)(7) motion will not be granted because of a vague possibility that persons who are not parties may have an interest in the action. In general, dismissal is warranted only when the defect is serious and cannot be cured."[47] The decision whether to dismiss a case for failure to join an indispensable party first requires the court, in a highly practical, "fact-based endeavor," to determine whether the party meets the requirements of Federal Rule of Civil Procedure 19(a).[48] Under Rule 19(a)(1), the party must be joined if it is subject to process, its joinder does not deprive the Court of subject matter jurisdiction, and if:

> (A) in the person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.[49]

---

[45] *Dore Energy Corp. v. Prospective Inv. & Trading Co. Ltd.*, 570 F.3d 219, 230–31 (5th Cir. 2009), citing *HS Res., Inc. v. Wingate*, 327 F.3d at 438.
[46] *August v. Boyd Gaming Corp.*, 135 Fed. Appx. 731, 732 (5th Cir. June 22, 2005).
[47] 5A Charles Alan Wright, et al., FEDERAL PRACTICE AND PROCEDURE § 1359 (2d ed. 1990).
[48] *Hood ex rel. Mississippi v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009).
[49] *Indian Harbor Ins. Co. v. KB Lone Star, Inc.*, H-11-CV-1846, 2012 WL 1038658, at *1 (S.D. Tex. Mar. 27, 2012) (citing *Hood*, 570 F.3d at 628).

The party seeking the joinder bears the initial burden of demonstrating that the person is necessary.[50]

Here, Defendant argues that the "unidentified insiders who allegedly benefited from the transfers at issue are an active participant in the alleged fraud and therefore 'more than a key witness whose testimony would be of inestimable value.'" Defendant asserts that these unidentified insiders must be joined to "prevent this Court's holding from trickling down to state court and prejudicing their defense."

However, the Complaint does not allege these facts and Defendant has not explained how the absence of these insiders would prevent this Court from according complete relief among existing parties. Nor has Defendant explained what interest these insiders claim that is related to the subject of the action or how these insiders are so situated that disposing of the action that their absence would: (i) as a practical matter impair or impede their ability to protect that interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. Thus, Defendant has not demonstrated that the unidentified insiders are necessary parties.

**VI. Motion for More Definite Statement**

HEP also, in the alternative to the Motion to Dismiss, moves this Court to order the Trustee to amend his complaint pursuant to Rule 12(e).

A Rule 12(e) motion should only be granted when the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the

---

[50] *Hood*, 570 F.3d at 628.

defendant seriously in attempting to answer it."[51] HEP argues unpersuasively that the Complaint meets this standard because it fails to provide specific factual content in accordance with Rules 8 and 9. Having already discussed each claim in turn, and finding sufficient factual allegations to maintain each claim, this motion is denied.

## CONCLUSION

Defendant's Motion to Dismiss or, alternatively, Motion for More Definite Statement is **GRANTED IN PART**. The Trustee's claims for attorneys' fees under the Mississippi open account statute are **DISMISSED**. All other claims survive.

New Orleans, Louisiana this 20th day of April, 2017.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

[51] *Phillips*, 2013 WL 3155224.